Case 1:16-mj-01204-KBM Document 2 Filed 03/24/16 Page 1 of 6

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 2 4 2016

MATTHEW J. DYKMAN
CLERK

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Julio Cesar Figueroa-Rivera | ) | Case No. 16mj1204 |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 23, 2016__ in the county of __Bernalillo__ in the State and District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 31, United States Code, Sections 5332 | which prohibits any person to, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, knowingly conceal more than $10,000.00 in currency or other monetary instruments on their person or in any conveyance, and transport or transfer or attempt to transport or transfer such currency or monetary instruments from place within the Untied States to a place outside of the United States. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Alex Rodriguez, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 03/24/2016

_____
Judge's signature

City and state: Albuquerque, New Mexico

Karen B. Molzen, Chief U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

*United States of America*

　　　v.

Julio Cesar Figueroa-Rivera

## AFFIDAVIT

I, Alex Rodriguez, being duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKROUND

1. I, Alex Rodriguez, am employed as a Special Agent by the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), Border Enforcement Security Task Force, Albuquerque, New Mexico (BEST/ABQ) and have been employed in this position since February 2003. I am an investigative law enforcement officer of the United States, and I am empowered by law to conduct investigations and make arrests for felony offenses. I have been a federal law enforcement officer for over thirteen years.

2. I successfully completed eleven weeks of Criminal Investigator Training (CITP), and the Immigration and Customs Enforcement Special Agent Training (ICE-SAT) at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia. Additionally, I have received advanced financial training regarding federal violations of law.

3. As a HSI Special Agent, I am authorized and presently assigned to investigate violations of Title 31, United States Code, Section 5332 and other violations of federal law. I have also acquired knowledge and information about such offenses, and the various means and methods by which they are furthered from numerous sources, including formal and informal training from other law enforcement officers, investigators, and Special Agents; interviews of informants and arrestees, and interviews of other knowledgeable individuals.

4. The information contained in this affidavit is not an exhaustive account of everything your affiant knows about this case. Rather, it contains only the facts that your affiant believes are necessary to establish probable cause in support of a criminal complaint against Julio Cesar Figueroa-Rivera (Year of Birth: 1987) for violation of Title 31, United States Code, § 5332, to wit; Bulk Cash Smuggling, which prohibits any person to, with the intent to evade a currency reporting requirement under section 5316, knowingly conceal more than $10,000.00 in currency or other monetary instruments on their person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transport or transfer or attempt to transport or transfer such currency or monetary instruments from place

within the Unties States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense and subject to punishment.

5. The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation.

## RELEVANT STATUTES

6. This investigation concerns alleged violations of 31 U.S.C. § 5332.

## DETAILS OF INVESTIGATION

7. On March 23, 2016, at approximately 0829 hours, the Bernalillo County Sheriff's Office, conducted a traffic stop on Interstate 40, westbound, mile marker 141, near Albuquerque, New Mexico, for an unsafe lane change and improper display of a temporary registration plate. Deputy Armijo stopped the vehicle described as a gray 2008 Honda Accord, bearing Colorado temporary registration tag 557753P, which expired on May 21, 2016. This traffic stop ultimately led to the discovery of approximately $65,000.00 in United States Currency, which was concealed in a false compartment in the underside of the vehicle.

8. The driver of the vehicle was identified as Julio Cesar Figueroa-Rivera, a Mexican National with a border crossing card, who resides in Hermosillo, Mexico.

9. The following information was provided by Deputy Armijo regarding the traffic stop: On March 23, 2016, at approximately 0829 hours, Deputy Armijo initiated contact with Julio Cesar Figueroa-Rivera, the driver of the vehicle. Deputy Armijo advised he noticed a metal license plate mounted behind the temporary registration tag. Deputy Armijo advised Figueroa-Rivera why he was stopped and asked for identification. Deputy Armijo advised Figueroa-Rivera provided his driver's license from the Republic of Mexico and an insurance policy for the vehicle. Deputy Armijo advised he asked Figueroa-Armijo advised he had purchased the vehicle yesterday, March 22, 2016, in Denver, Colorado, and began his trip last night towards Mexico. Deputy Armijo advised Figueroa-Rivera why he was utilizing Interstate 40 to go to Mexico and Figueroa-Rivera could not explain his trip route other than he was heading towards Tucson, Arizona, where he would then drive into Mexico with the vehicle.

10. Deputy Armijo advised he asked Figueroa-Rivera about the details regarding the ownership of the vehicle. Deputy Armijo advised Figueroa-Rivera stated he had purchased the vehicle yesterday, March 22, 2016, in Denver, Colorado. Deputy Armijo advised the insurance card Figueroa-Rivera provided showed the vehicle to be insured out of Colorado and had been since February 11, 2016. Deputy Armijo advised he also observed Figueroa-Rivera was not amongst the insured parties list on the insurance card. Deputy Armijo advised he asked

Figueroa-Rivera why the vehicle was insured one month prior to him purchasing the vehicle and Figueroa-Rivera could not provide a plausible reason.

11. Deputy Armijo advised that while conducting the traffic stop he observed the vehicle's exhaust system was hanging well below the normal limits for the vehicle.

12. Deputy Armijo advised Figueroa-Rivera displayed signs of being nervous, which were, cotton mouthed, not being able to stand still, not making eye contact, and hands shaking during our entire contact. Deputy Armijo advised that Figueroa-Rivera's nervousness never decreased and added that in his experience as a law enforcement officer, the general motoring public when first contacted by law enforcement is nervous but with time the nervousness tends to subside.

13. Deputy Armijo advised that through his training and experience he knows temporary registration plates are only valid for a period of 30 days from the date of purchase. Deputy Armijo advised that after researching the registration information with the State of Colorado, he discovered that temporary registration plates out of Colorado are also only valid for a period of 30 days from the date of purchasing a motor vehicle. Deputy Armijo noticed the temporary registration plate on Figueroa-Rivera's vehicle was valid for a period of 60 days, which is well beyond the validity period for the State of Colorado. Deputy Armijo advised he cited Figueroa-Rivera for an Improper Display of a Registration Plate and released him on his way.

14. Deputy Armijo advised that soon after he called out to Figueroa-Rivera, who was near his vehicle at the time. Deputy Armijo advised Figueroa-Rivera turned around and with his own free will returned back to him. Deputy Armijo advised he asked Figueroa-Rivera if he could ask him additional questions and Figueroa-Rivera responded by saying "Si".

15. Deputy Armijo advised that he asked Figueroa-Rivera some reaffirming questions concerning his travel plans. Deputy Armijo advised that he then asked Figueroa-Rivera if he was traveling with any firearms, drugs and large amounts of cash. Deputy Armijo advised that Figueroa-Rivera almost immediately said no to firearms and drugs, except the large amounts of cash. Deputy Armijo advised Figueroa-Rivera significantly hesitated before saying no to traveling with large amounts of cash.

16. Deputy Armijo advised he then asked Figueroa-Rivera for consent to search the vehicle and showed him a written consent form in the Spanish language. Deputy Armijo advised Figueroa-Rivera declined to a consensual search of the vehicle. Deputy Armijo advised he told Figueroa-Rivera he was going to conduct a canine search of the exterior of the vehicle but that he was free to go if he so desired.

17. Deputy Armijo advised Deputy Rael and his assigned narcotics detection dog, "Terry", conducted an open air sniff of the vehicle and alerted to the odor of narcotics coming from the rear of the vehicle. Deputy Armijo advised he assured Figueroa-Rivera he was free to go and pointed out the Route 66 Casino and Hotel which was about 200 yards south of the

traffic stop location. Deputy Armijo advised Figueroa-Rivera had elected to stay on his own free will.

18. Deputy Armijo advised he then contacted Homeland Security Investigations at which time, Deportation Officer E. Guedel, a Task Force Officer with Homeland Security Investigations arrived on scene to assist.

19. Deputy Armijo advised that upon further inspection of the rear underside portion of the vehicle, he immediately observed non-factory parts added to the undercarriage of the vehicle, tooling on the bolts, freshly cut metal, and a newly painted undercarriage. Deputy Armijo advised that due to being on the shoulder of Interstate 40 and not being able to access the aforementioned suspicious area, the vehicle was taken to a public works facility for further inspection. Deputy Armijo advised that upon raising the vehicle, he observed what appeared to be non-factory heat shields in the suspicious area and once removed revealed two non-factory compartments. Deputy Armijo advised six cellophane wrapped and rubber-banded bundles of U.S. Currency were found inside the non-factory compartment of the vehicle. Deputy Armijo advised Figueroa-Rivera, the currency and the vehicle were transported to Homeland Security Investigations for processing.

20. Upon arrival, Special Agent Alex Rodriguez, Homeland Security Investigations, was apprised of the aforementioned details. Special Agent Rodriguez advised Figueroa-Rivera of his *Miranda* rights in the Spanish language and asked Figueroa-Rivera if he understood his rights. Figueroa-Rivera advised he understood his rights and advised he would not speak without the presence of an attorney.

21. The currency was then counted by Special Agent Rodriguez, Deportation Officer Guedel and Supervisory Border Patrol Agent David Romero, a Task Force Officer with Homeland Security Investigations, which revealed a total approximate amount of $65,000.00 in U.S. Currency.

22. Further law enforcement database queries revealed that Figueroa-Rivera, traveled from Puerto Vallarta, Mexico to Denver, Colorado, via commercial aircraft on March 19, 2016.

## **CONCLUSION**

Based on the aforementioned facts, your affiant believes there is probable cause that on or about March 23, 2016, in the District of New Mexico, Julio Cesar Figueroa-Rivera did violate 31 U.S.C. § 5332.

Concurred with by AUSA Kim Brawley, 03/23/2016.

Respectfully submitted,

Alex Rodriguez
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this 24th day of March, 2016.

_____
Honorable Karen B. Molzen
Chief United States Magistrate Judge

5